**JOHNSON et al. v. TRACY.   (No. 7090.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1924. Rehearing Denied March 5, 1924.)

Appeal and error ⬦281(1), 719(1)—In absence of motion for new trial or assignments of error, fundamental error or apparent errors only can be considered.

Where the record discloses no motion for a new trial, or assignments of error as required by Rev. St. art. 1612, no error can be considered unless fundamental or apparent, though appellant's brief contains assignments of error not shown by the record.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Mrs. Jessie F. Tracy against D. H. Johnson and another. Judgment for plaintiff, and defendants appeal. Affirmed.

D. R. Pickens, of San Antonio, for appellants.

Ben. H. Kelly, of San Antonio, for appellee.

FLY, C. J. This is a suit on a promissory note for $2,000, dated October 21, 1922, payable in monthly installments of $30, being given, for part of the purchase money due on lot 4, in block 2, new city block No. 1301, city of San Antonio, instituted by appellee against D. H. Johnson and his wife, L. L. Johnson. Appellee prayed for judgment for her debt and foreclosure of a vendor's lien, subordinate to lien held by Melissa D. Pickens. The cause was heard by the court and judgment rendered for appellee for $2,213.71, and for a foreclosure of the lien on the land subject to the prior lien.

The facts found by the trial court are adopted by this court, as follows:

"Plaintiff, a feme sole, is the owner for value paid before maturity, of the note described in

plaintiff's pleading executed by defendant D. H. Johnson in the sum of $2,000 of date October 21, 1922, payable to the order of Medora H. McCarty a feme sole, in monthly installments of $30 or more each, beginning November 21, 1922, and continuing in like amount each month thereafter; said note bearing 8 per cent. annual interest, interest payable with each monthly installment, and providing for 10 per cent. additional upon principal and interest as attorney's fees in case of suit thereon. Said note also had a clause to the effect that failure to pay said note or any installment thereon as it matured should at the option of the holder mature said entire note.

"Said note was a second lien note, secondary and inferior to a first, prior and superior lien note of same date for $1,800, payable five years after date, executed by said D. H. Johnson upon and against the same property and retaining a vendor's lien thereon, and in addition thereto was also secured by a deed of trust of same date, executed by defendants, D. H. Johnson and wife, L. L. Johnson, to T. J. Murray, trustee, with Medora H. McCarty payee in the note, shown to have been transferred by her to Melissa D. Pickens, who appears to be the present owner thereof as beneficiary.

"The superiority of said $1,800 vendor's lien note secured also by deed of trust is admitted in pleadings and expressly recognized in the plaintiff's pleadings, for which reason Melissa D. Pickens, the owner thereof, was not made a party and was not a party to the suit.

"The only credits paid and entered on the said $2,000 note were three credits of date December 8, 1922, for $30, December 14, 1922, for $30 and January 5, 1923, for $30, making a total of $90 paid thereon, which paid and covered interest to January 21, 1923, and left a credit on principal of $39.76.

"Plaintiff who had become the owner of said note about the date thereof by purchase from the payee, Medora H. McCarty, received a written transfer thereof duly executed by said McCarty of date October 21, 1922, and received the credits above stated as paid.

"There was no consideration shown for any extension of the payments on said $2,000 note, and no extension was granted; plaintiff did forbear but demanded payment thereof, but no other or further payment was made thereon or tendered by defendant, and about the 17th day of April, 1923, the plaintiff, in the exercise of her option and right, matured said entire note, there being at that time two unpaid monthly installments due thereon and unpaid.

"On April 5, 1923, plaintiff was compelled to and did place said note in the hands of her attorney of record for collection, and this suit was filed thereon by him, and the attorney's fees therein provided for were matured and reasonable and became recoverable with the balance of the principal and interest thereon.

"Said note was given as part of the purchase money for certain real estate, to wit, lot No. 4, in block No. 2, new city block No. 1301, in San Antonio, Bexar county, Tex., upon which the vendor's lien was expressly retained by the seller and acknowledged by the purchaser of said property, as shown by plaintiff's pleadings; the said Medora H. McCarty having indorsed said note and also having delivered it and the written and executed transfer thereof to the plaintiff for value about October 21, 1922.

"That property was immediately occupied by defendants D. H. Johnson and wife, L. L. Johnson, and has since been and is now occupied as their home. In the deed of trust executed and delivered by the said Johnson and wife to secure Melissa D. Pickens, they expressly agreed and bound themselves to pay all taxes upon said property and to maintain insurance thereon, and also expressly agreed that they would pay all interest payments arising on said $1,800 note as they matured, and in event they failed to do so, the holder thereof should have the option to mature said note at any time of such failure; the interest at rate of 8 per cent. on said $1,800 note was payable each six months from its date.

"Defendants Johnson failed to pay the interest maturing April 21, 1923, upon said $1,800 note, and the plaintiff was compelled in self-protection to pay same in the sum of $72, which she did about May 1, 1923, to Melissa D. Pickens, the holder thereof."

There was no motion for a new trial, and no assignments of error appear in the record. Where appellant discovered and secured the three assignments of error copied into the brief, we have not ascertained. The statute requires that all assignments of error must be filed with the clerk of the court below before the transcript of the record is taken from the clerk's office, and all errors not assigned are waived. Article 1612, Revised Statutes.

In the absence of assignments of error, no error can be considered unless it be one fundamental or apparent of the record. An examination of the record discloses no such error, and the judgment will be affirmed.